UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MICHAEL BARHAM *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 07-0853 (RMU) |
| | : | | |
| v. | : | Document No.: | 5 |
| | : | | |
| UBS FINANCIAL SERVICES, | : | | |
| | : | | |
| Defendant. | : | | |

MEMORANDUM OPINION

GRANTING THE DEFENDANT'S MOTION TO TRANSFER THE CASE TO THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

I. INTRODUCTION

This case is before the court for consideration of the defendant's motion for transfer of venue. The plaintiffs bring suit against UBS Financial Services ("UBSFS") under 42 U.S.C. § 1981, alleging that UBSFS subjected them to unlawful racial discrimination during their time of employment with UBSFS. The defendant moves to transfer, arguing that the District of Maryland is the proper venue for this action. Because the proposed transfer is appropriate pursuant to 28 U.S.C. § 1404(a), the court grants the defendant's motion and transfers the case to the U.S. District Court for the District of Maryland.

II. BACKGROUND

The plaintiffs are African-American former Financial Advisors or Financial Advisor Trainees of UBSFS. Compl. ¶¶ 2-8. All seven plaintiffs were previously employed in the defendant's Largo, Maryland office ("the Largo office"). *Id.* Two of the seven plaintiffs ("D.C. employees") were also employed at UBSFS's Washington, D.C. office after the Largo office

closed. *Id.* All seven plaintiffs allege that the establishment, structure, staffing, operation and closure of the Largo office were discriminatory. Pls.' Opp'n at 2. The D.C. employees bring similar allegations of discrimination regarding UBSFS's D.C. office. *Id.*

On May 8, 2007, the plaintiffs initiated this suit, accusing the defendant of racial discrimination in violation of 42 U.S.C. § 1981. The defendant moved to transfer venue on June 7, 2007. The court now considers that motion.

### III.   ANALYSIS

#### A.   Legal Standard for Venue under 28 U.S.C. § 1391(b) and Transfer Pursuant to 28 U.S.C. § 1404(a)

When federal jurisdiction is not premised solely on diversity, 28 U.S.C. § 1391(b) controls venue, establishing that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391 (b).

In an action where venue is proper, 28 U.S.C. § 1404(a) nonetheless authorizes a court to transfer the action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to [an] individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 27 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Under this statute, the

moving party bears the burden of establishing that transfer is proper. *Trout Unlimited v. Dep't. of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).

Accordingly, the defendant must make two showings to justify transfer. First, the defendant must establish that the plaintiffs originally could have brought the action in the proposed transferee district. *Van Dusen*, 376 U.S. at 622. Second, the defendant must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that district. *Trout Unlimited*, 944 F. Supp. at 16. As to the second showing, the statute calls on the court to weigh a number of case-specific private and public-interest factors. *Stewart Org.*, 487 U.S. at 29. The private-interest consideration include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989), 15 FED. PRAC. & PROC. § 3848). The public-interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id.*

### B. The Court Transfers the Case to the United States District Court for the District of Maryland

The defendant argues that the District of Maryland is a more appropriate venue because all seven plaintiffs worked in UBSFS's Largo office. Def.'s Mot. at 2. In support of this

position, the defendant notes that all seven of the plaintiffs allege that UBSFS unlawfully discriminated against them on the basis of race while they worked in Largo. *Id.* Five of the plaintiffs, in fact, exclusively challenge actions in the Largo office. *Id.* Furthermore, a "closely related" case filed against UBSFS by two of the plaintiffs' co-workers in the Largo office has been pending in the District of Maryland since early 2006. *Id.* Finally, the defendant argues that this suit has only a "tenuous connection" to the District of Columbia because five of the seven plaintiffs do not make a claim that they were subjected to racial discrimination while working in the District of Columbia. *Id.* The defendant asserts, therefore, that transfer is proper pursuant to 28 U.S.C. § 1404. *Id.* The court agrees.

    **1.    The Plaintiffs Could Have Brought this Case in the Transferee District**

The court first considers whether the plaintiffs could have brought this case in the District of Maryland. *Trout Unlimited*, 944 F. Supp. at 16 (citing *Van Dusen*, 376 U.S. at 622). In cases involving a federal question, a plaintiff may properly bring an action in a judicial district where a defendant resides. 28 U.S.C. § 1391(b). A corporate defendant is considered a resident in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). To prove that the Maryland district court may assert personal jurisdiction, (1) a statute or rule must authorize service of process on the defendant in the District of Maryland, and (2) service of process on the defendant must comport with the requirements of due process. *Mylan Labs, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). As to the service of process requirement, Maryland's long-arm statute provides, in relevant part, that personal jurisdiction exists over a party who "(1) Transacts any business or performs any character of work or service in the state; (2) Contracts to supply goods, food, services, or manufactured products in the State; . . . [or] (5) Has an interest in, uses, or possesses real property in the State." Md. Cts. & Jud. Proc. Code § 6-

103(b) (1989 & Supp. 1992). As to the due process requirement, personal jurisdiction exists when a corporation purposely avails itself of the privilege of conducting business in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985).

The parties agree that the defendant conducted business in its Largo, Maryland office prior to that office shutting down in approximately June 2003. Compl. ¶ 2; Def.'s Mot. at 3. The defendant also operates and conducts business out of its Washington, D.C. office. Compl. ¶ 9. The operation of the Largo office and the D.C. office establish that the courts in both fora have personal jurisdiction over the defendant. 28 U.S.C. § 1391(c); *see also Schmidt v. Am. Inst. of Physics,* 322 F. Supp. 2d 28, 32 (D.D.C. 2004) (noting that when corporate defendants reside in multiple jurisdictions, more than one venue may be proper) (citing 28 U.S.C. § 1391(b)-(c)). Because Maryland has personal jurisdiction over the defendant, the District of Maryland is a proper venue for the plaintiffs' claims. 28 U.S.C. § 1391(b).

### 2. The Private and Public-Interest Factors Weigh in Favor of Transfer

Having established that the plaintiffs originally could have brought this case in Maryland, the court turns to whether the defendant has demonstrated that considerations of convenience and the interest of justice support a transfer to the District of Maryland. 28 U.S.C. § 1404(a). Based on an examination of private and public-interest factors, the court concludes that the defendant has met its burden.

#### a. Private-Interest Factors

The private-interest factors include:

(1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be

unavailable for trial in one of the fora; and (6) the ease of access to sources of proof.

*Trout Unlimited*, 944 F. Supp. at 16 (citing *Jumara*, 55 F.3d at 879, *Heller Fin., Inc.*, 713 F. Supp. at 1129, 15 FED. PRAC. & PROC. § 3848).

In support of its motion, the defendant argues that the private-interest factors justify transfer to Maryland. Def.'s Mot. at 12. In opposition, the plaintiffs argue that the court should defer to their choice to file suit in the District of Columbia. Pls.' Opp'n at 12. While courts normally defer to a plaintiff's choice of forum, *Schmidt*, 322 F. Supp. 2d at 33, courts afford "substantially less deference" to that choice when the plaintiff is not a resident of that forum or when the claims lack substantial connections to that forum, *DeLoach v. Philip Morris Cos.*, 132 F. Supp. 2d 22, 24 (D.D.C. 2000). In this case, the plaintiffs' claims lack a substantial connection to the District of Columbia.

Four of the seven plaintiffs reside in Maryland, and all seven make the claim that UBSFS unlawfully discriminated against them on the basis of race while they worked in Largo. Def.'s Mot. at 2; Compl. ¶ 1. Although two plaintiffs also allege that UBSFS unlawfully discriminated against them in the District of Columbia office, both of those plaintiffs initially started working in UBSFS's Largo office before moving to the District of Columbia office where they worked for a short time.[1] Compl. ¶¶ 2-6. The plaintiffs argue that the District of Columbia is the more proper venue because key decisions regarding the establishment, structure, staffing, operation and closure of the Largo office were made by managers in D.C. Pls.' Opp'n at 2. This,

---

[1] Plaintiff Michael Barham worked at the District of Columbia office from June 2003 to December 20, 2003, before termination. Compl. ¶ 2. Plaintiff Mark Spradley worked in the D.C. office from June 2003 to October 2004 after leaving the Largo office. *Id*. ¶ 6. The plaintiffs' opposition to the defendant's motion indicates that Plaintiff Moultrie also worked in the D.C. office, Pls.' Opp'n at 11, but the complaint only identifies Barham and Spradley as having worked there. *Id*. ¶¶ 2, 6, 35-40.

however, does not change the fact that each of the seven plaintiffs worked for UBSFS in the Largo office, and that five of them are only raising claims for the alleged discriminatory practices they experienced in the Largo office.  Compl. ¶ 1.  Accordingly, the court affords substantially less deference to the plaintiffs' choice of forum in its determination.  *DeLoach*, 132 F. Supp. 2d at 24 (D.D.C. 2000).

As to the convenience of the parties, four plaintiffs are residents of Maryland, and they should suffer no inconvenience if the court transfers the case to Maryland.  Compl. ¶¶ 2-8.  Of the three non-Maryland plaintiffs, two reside in D.C., and the third resides in Alexandria, Virginia.  *Id*.  None of the non-Maryland residents, therefore, will incur great inconvenience by a transfer to Maryland.  Additionally, neither the plaintiffs nor the defendant contend that any witnesses would be unwilling to testify in the District of Maryland.  Pls.' Opp'n at 14; Pls.' Reply at 10.  In reality, this court sits fewer than 15 miles from the Greenbelt Division of the District of Maryland, and transferring this action is unlikely to inconvenience any current party.  *See Weinberger v. Tucker*, 391 F. Supp. 2d 241, 245 (D.D.C. 2005) (quoting the defendant as saying that "[t]ransferring this case to a court that sits less than nine miles away, in a neighboring jurisdiction, will have minimal effect on witnesses, the availability of compulsory process, proximity to evidence, and the other factors considered under § 1404(a)").

With regard to accessing sources of proof, the plaintiffs argue that the presence of pertinent employment documents in the D.C. office justifies maintaining the action in the District of Columbia.  Pls.' Opp'n at 16.  The court disagrees.  The proximity of the two courthouses greatly facilitates access to sources of proof – whether they are located in D.C. or in Largo.  *Weinberger*, 391 F. Supp. 2d at 245.  Overall, because a majority of the plaintiffs reside in Maryland, the plaintiffs' claims arise out of their employment by the defendant in Maryland,

and sources of proof are accessible in Maryland, the private-interest factors indicate that transfer is proper.

### b.   Public-Interest Factors

Although it concludes that the private-interest factors favor transfer of this action, the court must nevertheless consider the public-interest factors. The public interest factors include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Trout Unlimited*, 944 F. Supp. at 16. These public-interest factors also favor transfer.

With regard to the transferee's familiarity with the governing laws, the federal court for the District of Maryland is presumed to be as competent as this court in deciding issues of federal law. *Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136, 143 (D.D.C. 2004) (citing *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1175 (D.C. Cir. 1987)). Because the plaintiffs bring claims under 42 U.S.C. § 1981, there is no issue as to the District of Maryland's familiarity with the governing law of this case.

The court must also consider the relative congestion of the calendars of the potential transferee and transferor courts. *Trout Unlimited*, 944 F. Supp. at 19. The court has no reason to suspect that the District of Maryland's docket could not accommodate this case. *Schmidt*, 322 F. Supp. 2d at 35. The defendant has made a timely motion to transfer this case, and, therefore, it is not evident that a transfer to the District of Maryland would lead to unnecessary delay.

In the overall public-interest calculation, the most significant factor weighing in favor of transferring this case is the presence of closely related litigation in the District of Maryland. Currently, two former UBSFS employees, both co-workers of the plaintiffs in this case, are

litigating a claim of unlawful racial discrimination under 42 U.S.C. § 1981 in the District of Maryland.  Def.'s Mot. at 2.  *Cook v. UBS Fin. Servs., Inc.*, 2006 WL 760284, at * 1 (S.D.N.Y. Mar. 21, 2006) (transferring the case from the Southern District of New York to the District of Maryland because the District of Maryland was the more appropriate forum).  The claims in that case arise out of the plaintiffs' employment in the same Largo office that is involved here, and they are essentially identical to the claims alleged in this case.  *Id.*  Furthermore, the same eleven lawyers that represent the plaintiffs in this case also represent the Maryland litigants.  *Id.*  The court notes that a comparison of the complaints filed in each case reveals that each is based on allegations that UBSFS's actions in establishing, staffing and supporting the Largo Branch were unlawful.  Def.'s Mot. at 4-5.  Additionally, all of the managers identified in this action as allegedly responsible for discrimination were deposed in the Maryland action.  Def.'s Mot., Attach. 1 ("Huvelle Decl."), ¶ 3.

      This district court determines that the "interests of justice are better served when a case is transferred to the district where related actions are pending."  *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 58 (D.D.C. 2000) (quoting *Martin-Trigona v. Meister*, 668 F. Supp. 1, 3 (D.D.C. 1987)); *see also*, *Prof'l Ass'n Travel Serv. v. Arrow Air, Inc.*, 597 F. Supp. 475, 477 (D.D.C. 1984) (transferring to New York, where pending action raised "quite similar claims" so as "avoid inconsistent findings and . . . provide for a single, coherent, consistent judgment"); *Islamic Republic of Iran v. Boeing Co.*, 477 F. Supp. 142, 144 (D.D.C. 1979) (transferring the case because it presented liability issues that were "closely similar to issues pending for over two years" in the U.S. District Court for the District of Washington); *see also Holland v. A.T. Massey Coal*, 360 F. Supp. 2d 72, 77 (D.D.C. 2004) (stating that "judicial economy would not be best served by having similar claims proceed on parallel tracks in neighboring jurisdictions").  In

fact, courts have transferred cases to jurisdictions with related pending matters even when the cases merely shared similar facts, rather than similar legal claims. *See e.g., Reiffin*, 104 F. Supp. 2d at 56 (D.D.C. 2000) (citing *Comptroller v. Calhoun First Nat'l Bank*, 626 F. Supp. 137, 141 (D.D.C. 1985)). Here, transfer is appropriate because both the facts and the legal issues in each complaint overlap.

The plaintiffs argue that the court in the related litigation has yet to make any substantial rulings. Pls.' Opp'n at 17. But, the District of Maryland has (1) granted the plaintiffs' request to amend their complaint and dismiss the class allegations without prejudice, (2) granted an order for the defendant's motion to compel production of the plaintiffs' tax returns and (3) denied the plaintiffs' motion to compel without prejudice and instructed the parties to meet and confer regarding a discovery deadline extension. Pls.' Opp'n., Ex. 14 (Mem., Apr. 23, 2007); Ex. 15 (Mem. Order, May 22, 2007); and Ex. 16 (Order, May 29, 2007). These rulings suggest a high degree of familiarity with the scheduling, discovery and legal issues posed before the District of Maryland. *Islamic Republic of Iran*, 477 F. Supp. at 142 (transferring the case because U.S. District Court for the District of Washington had dealt with similar legal issues in a pending case). Furthermore, the defendant asserts, and the plaintiffs do not dispute, that the District of Maryland has scheduled oral argument for August 1, 2007 with regard to one of the two summary judgment motions. Def.'s Mot. at 6. Even if the District of Maryland were to grant an extension of the discovery deadline, that would not diminish the fact that the parties have already produced substantial discovery. *Id*. at 3. As a result, considerations of judicial economy strongly favor a transfer of venue.

Finally, this court will defer to the State of Maryland's compelling interest in having this localized dispute decided at home. *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 9 (D.D.C.

1996).  As Judge Stein pointed out in transferring the closely related Maryland action from the Southern District of New York to the District of Maryland, "Largo, by any fair reading of the allegations constitutes the locus of the allegedly unlawful actions undertaken by defendant." *Cook*, 2006 WL 760284 at *5.  Furthermore, Maryland's local interest is even more pronounced when considering that the Largo office opened largely because the defendant wanted to expand its business to serve minorities in the local market.  *See* Pls.' Opp'n, Ex. 1 ("Magruder Dep.") at 12:11-14:7; Ex. 3 ("Kennedy Dep.") at 56:4-58:25.  The purported effects of the alleged unlawful discrimination had a most direct impact in Maryland, and Maryland, therefore, has a compelling interest in this litigation.  *See Kafack*, 934 F. Supp. at 8 (concluding that Maryland had a compelling interest in adjudicating local dispute).

In sum, these factors strongly favor transfer because "[t]he interest-of-justice factor encompasses the desire to avoid multiple litigation from a single transaction [and] *to try related litigation together*."  *Reiffin*, 104 F. Supp. 2d at 55 (quoting *Vencor Nursing Ctr., L.P. v. Shalala*, 63 F. Supp. 2d 1, 6 (D.D.C. 1999)).  Moreover, "to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy, and money that § 1404(a) was designed to prevent."  *Cont. Grain Co. v. The Barge FBL-585 & Fed. Barge Lines, Inc.*, 364 U.S. 19, 21 (1960).  Accordingly, the court grants the defendant's motion and transfers the case to the U.S. District Court for the District of Maryland.

## IV.   CONCLUSION

For the reasons set forth above, the court grants the defendant's motion and transfers the case to the U.S. District Court for the District of Maryland.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 2nd day of August, 2007.


                                                  RICARDO M. URBINA
                                                  United States District Judge